**TARTER KRINSKY & DROGIN LLP**
*Proposed Counsel to the Debtor/Plaintiff*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| 364 N.B.E. CORP., | : | Case No. 13-46771 (NHL) |
| | : | |
| Debtor. | : | |

--------------------------------------------------------X

| | | |
|---|---|---|
| 364 N.B.E. CORP., | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| - against - | : | Adv. Pro. No. 13-_____ |
| | : | |
| EDGE CAPITAL, LLC and | : | |
| JA FUNDING, INC., | : | |
| | : | |
| Defendants. | : | |

--------------------------------------------------------X

## COMPLAINT (I) FOR JUDGMENT DECLARING THAT A CERTAIN DEED IN LIEU OF FORECLOSURE IS THE EQUIVALENT OF A MORTGAGE, (II) TO RECOVER PREFERENTIAL AND <u>FRAUDULENT TRANSFERS, AND (III) FOR INJUNCTIVE RELIEF</u>

364 N.B.E. Corp. (the "Debtor" or "Plaintiff"), as debtor and debtor-in-possession, by its

attorneys Tarter Krinsky & Drogin LLP, as and for its Complaint against Edge Capital, LLC

("Edge") and JA Funding, Inc., ("JA" and together with Edge, the "Defendants") alleges as

follows:

## <u>PRELIMINARY STATEMENT</u>

1.      This adversary proceeding seeks to obtain a judgment, pursuant to 28 U.S.C. §

2201(a) declaring that a certain deed in lieu of foreclosure is the equivalent of a mortgage and

declaring that the Debtor has the right of redemption and pursuant to Sections 105(a), 547, 548 and 550(a), of Title 11 of the United States Code (the "Bankruptcy Code") avoiding and directing the return of a preferential and fraudulent transfer of real property from Debtor to Defendants.

2.     The Debtor maintains that it is the fee owner of real property located at 364 Myrtle Avenue, commercial condo unit, Brooklyn, New York 11205, Block 2074, Lot 1001 (the "Property").  On or about October 17, 2013, without Debtor's knowledge, consent or prior notice, the Defendants improperly recorded a deed in lieu of foreclosure (the "Deed in Lieu") transferring the Property to themselves.  The Deed in Lieu is the equivalent of a mortgage pursuant to New York State Real Property Law § 320.  In order to record the Deed in Lieu, upon information and belief, on or about September 9, 2013, the Defendants forged the signature of the Debtor's principal, Nadav Ben-Eliezer on a Real Property Transfer Report (the "Transfer Report") required by the State of New York.  See **Exhibit A**.  The recordation of the Deed in Lieu and circumstances surrounding the Transfer Report lead to the inescapable conclusion that the Transfer is avoidable under either or both of sections 547 and 548 of the Bankruptcy Code as well as well-established New York real property law which treats a deed in lieu intended as security as a mortgage.

## PARTIES, JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

3.     Debtor is a New York corporation with an office located at 159 Adelphi Street, Brooklyn, New York 11205.

4.     Edge is upon information and belief a New York corporation with an office located at 393 Jericho Turnpike, Suite 201, Mineola, New York 11501.

5.      JA is upon information and belief a New York corporation with an office located at 393 Jericho Turnpike, Suite 201, Mineola, New York 11501.  Upon information and belief, JA is the assignee of Edge.

6.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

7.      This adversary proceeding is commenced pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), 28 U.S.C. § 2201(a) and Sections 105, 547, 548 and 550 of the Bankruptcy Code.

8.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this proceeding arises under, and is in connection with, a case under 11 U.S.C § 101, *et seq.*  This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.      On November 11, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

10.     Between 2004 and 2006, the Debtor borrowed monies from Edge and in exchange provided Edge a mortgage on the Property, as well as on other residential units in the same condominium as the Property (the "Mortgage").  As of June 2010, the Debtor allegedly owed Edge as much as $1.450 million.  As further set forth below, as of the Petition Date, the Mortgage loan had been reduced to less than $450,000.

11.     In or about June 2010, Edge commenced an action to foreclose the mortgage in the Supreme Court of the State of New York, County of Kings (the "Foreclosure Action").  The Foreclosure Action was resolved by agreement between the Debtor and Edge.  In connection with the settlement of the Foreclosure Action, on or about June 8, 2010, Debtor executed the

Deed in Lieu in favor of Edge to be held in escrow in the event of an uncured default under the Mortgage.  Pursuant to New York Real Property Law § 320 the Deed in Lieu is the equivalent of a mortgage.

12.      Subsequent to execution of the Deed in Lieu, on or about April 21, 2011, JA, as assignee of Edge, entered into a Note and Mortgage Modification and Extension Agreement with the Debtor pursuant to which the Debtor was required to make monthly payments to JA on account of the Mortgage until May 1, 2021 (the "Extension Agreement").   The Extension Agreement makes no mention of the Deed in Lieu. As a result, the Extension Agreement vitiated the Deed in Lieu.

13.      At the time of the Extension Agreement, the Debtor and Edge agreed that the unpaid principal balance on the Mortgage was $450,000.  As of the Petition Date, the amount outstanding to Edge and/or JA is approximately $430,000 and a preliminary assessment of the value of the Property is approximately $1.2 million.

14.      The Debtor made all of the monthly payments required under the Extension Agreement during 2011, 2012 and in 2013 up until July 2013.  The Debtor failed to timely pay the July, August, and September 2103 Mortgage payments due in part to the Debtor's principal's health problems coupled with the loss of the sole tenant at the Property.  In early October 2013, the Debtor tendered to the Defendants in full, all missed monthly Mortgage payments.   By letter dated October 17, 2013, Defendants' counsel returned the Debtor's Mortgage payments and advised the Debtor that the Defendants had recently recorded the Deed in Lieu and that the Defendants now claim to be the fee simple owner of the Property.  See **Exhibit B**.

15.      Unbeknownst to the Debtor and without prior notice, on or about October 17, 2013, the Defendants improperly recorded the Deed in Lieu and submitted with their recording

documents, the Transfer Report, which upon information and belief, was forged to reflect the signature of the Debtor's principal.

16.    Despite Debtor's demands for the Defendants to rescind the Deed in Lieu and release and disclaim any interest in the Property, Defendants have failed to do so.

17.    A recent review of ACRIS reveals that the Defendants, on or about October 8, 2013, even prior to recordation of the Deed in Lieu, entered into a lease for the Property with an entity called Real Estate Rehab, Inc. (the "Lease").  The Lease is void as a matter of law as the Defendants as mortgagee have no authority to lease the Debtor's Property.

18.    On or about October 20, 2013, the Debtor commenced a state court action against the Defendants seeking, inter alia, a declaration that the Deed in Lieu is of no force and effect, cancellation of the Deed in Lieu recorded by Defendants, damages and attorney's fees.

19.    During the course of this proceeding, Debtor may learn (through discovery or otherwise) of additional claims it may have against the Defendants.  Debtor reserves its right to amend this Complaint to include: (i) further information regarding the Property, the Deed in Lieu, and the Transfer Report;  (ii) additional transfers;  (iii) additional defendants;  and/or (iv) additional causes of action including, but not limited to, Bankruptcy Code sections 542, 544, 545, 548 and/or 549 (collectively, the "Amendments"), that may become known to Debtor at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) that the Deed in Lieu is the Equivalent of a Mortgage pursuant to New York Real Property Law § 320)

20.    Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

21.     Based upon New York Real Property Law § 320, the Deed in Lieu is the equivalent of a mortgage and as of the Petition Date the Debtor is the owner of the Property and as such, the Property constitutes property of the Debtor's estate under Bankruptcy Code Section 541(a).

22.     However, as can be evidenced by the letter, annexed hereto as **Exhibit C**, Defendants are asserting ownership of the Property based upon the recordation of the Deed in Lieu.

23.     The Declaratory Judgment Act, 28 U.S.C. §2201, provides, in pertinent part:

a)  In case of actual controversy within its jurisdiction,…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

24.     There is a controversy as to the ownership of the Property.  This is an actual controversy within the meaning of Article III of the Constitution and pursuant to the Declaratory Judgment Act between parties having adverse legal interests, i.e. the Debtor's bankruptcy estate and the Defendants.

25.     The controversy is substantial and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

26.     A declaratory judgment by this Court is necessary and appropriate to resolve the issue of ownership of the Property.

27.     The declaratory relief requested, if granted, would finalize the controversy.  Complete relief can be accorded by this Court by issuing a declaratory judgment declaring and adjudging that the Deed in Lieu is the equivalent of a mortgage and the Debtor is a fee owner of the Property.

28.     The Debtor will not have an adequate remedy if the Court does not issue appropriate declaratory relief.

29.     Based upon the above the Debtor is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201(a) declaring that the Deed in Lieu is the equivalent of a mortgage and the Debtor is the fee owner of the Property.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### (Avoidance and Recovery of Preferential Transfer
### pursuant to Sections 547 and 550(a) of the Bankruptcy Code)

30.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

31.     Within ninety (90) days of the Petition Date (the "Preference Period"), by virtue of the Deed in Lieu and forged Transfer Report, title to the Property was purportedly transferred to Edge (the "Transfer").

32.     During the Preference Period, the Defendants were creditors of the Debtor.

33.     The Transfer was a transfer of an interest in the Debtor's Property.

34.     The Transfer was to or for the benefit of a creditor within the meaning of Bankruptcy Code section 547(b)(1) because the Transfer fully satisfied the debt owed to the Defendants by the Debtor.

35.     The Transfer was made on account of antecedent debt owed to Defendants by the Debtor on the date the Transfer was made (the "Debt").

36.     The Transfer was made while the Debtor was insolvent.  Plaintiff is entitled to the presumption of insolvency for the Transfer made during the Preference Period pursuant to Bankruptcy Code section 547(f).

37.     The Transfer enabled the Defendants to receive more than they would have received if: (i) the Bankruptcy Case was administered under Chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendants had received payment of the Debt to the extent provided by the Bankruptcy Code.

38.     Defendants are the initial transferees of the Transfer, the entities for whose benefit the Transfer was made.

39.     Based upon the foregoing, the Transfer constitutes an avoidable preferential transfer pursuant to Bankruptcy Code section 547(b).

40.     Pursuant to section 550(a) of the Bankruptcy Code, the Debtor is entitled to recover from the Defendants the Property transferred pursuant to the Transfer or the value thereof.

## AS AND FOR THIRD CLAIM FOR RELIEF
### (Avoidance and Recovery of Constructive Fraudulent Transfer
pursuant to Sections 548 and 550(a) of the Bankruptcy Code)

41.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

42.     The Transfer was made within two (2) years of the Petition Date at a time when Edge and/or JA was owed less than $450,000 and the Property had a fair market value of approximately $1.2 million.

43.     The Debtor received less than reasonably equivalent value in exchange for the Transfer insofar as the Transfer relinquished the Debtor's rights to title of the Property valued at $1.2 million in exchange for relinquishment of a debt in the total amount of less than $450,000.

44.     The Debtor was insolvent on the date of the Transfer or became insolvent as a result of the Transfer.

45. By reason thereof, the Transfer constitutes a fraudulent transfer within the meaning of section 548 of the Bankruptcy Code.

46. Pursuant to section 550(a) of the Bankruptcy Code, the Debtor is entitled to recover from the Defendants the Property transferred pursuant to the Transfer or the value thereof.

## AS AND FOR FOURTH CLAIM FOR RELIEF
### (Intentional Fraudulent Transfer)

47. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

48. The Defendants effectuated the Transfer with the actual intent to hinder, delay, or defraud the Debtor and its creditors.

49. In furtherance of their scheme to take control of the Property, upon information and belief, the Defendants forged the Transfer Report.

50. The Defendants are the initial transferees of the Transfer.

51. As a result of the Transfer, the Defendants maintain that they are now the fee simple owners of the Property at an estimated value of $1.2 million, despite the undisputed fact that the remaining balance owed to the Defendants under the Extension Agreement is less than $450,000.

52. By reason thereof, the Transfer constitutes an intentional fraudulent transfer within the meaning of section 548 of the Bankruptcy Code.

53. Pursuant to section 550(a) of the Bankruptcy Code, the Debtor is entitled to recover from the Defendants the Property transferred pursuant to the Transfer or the value thereof.

**AS AND FOR FIFTH CLAIM FOR RELIEF**
**(Permanent injunction against the Defendants of further transfer, sale or use**
**of the  Property involved in the Transfer, pursuant to Section 105(a) of the**
**<u>Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure)</u>**

54.      Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

55.      Prior to the Transfer, Defendants began using the Property of the Debtor's estate as if the Defendants were the fee simple owners of the Property.  A review of ACRIS reveals that on October 8, 2013, the Defendants entered into the Lease.  Since the Debtor is the lawful owner of the Property, subject only to the Mortgage, the Lease is void and any payments by Real Estate Rehab Inc. for their improper and unauthorized use of the Property should be made directly to the Debtor to avoid violations of the automatic stay.

56.      The Debtor's bankruptcy estate will suffer irreparable harm if the Defendants are permitted to use, sell, lease, mortgage, transfer or otherwise dispose of the Property as new purported title owners of the Property by virtue of the avoidable Transfer.

57.      The Debtor is likely to succeed on the merits as pursuant to New York Real Property Law § 320 the Deed in Lieu is the equivalent of a mortgage.  Additionally, an unauthorized transfer of Property valued at approximately $1.2 million to satisfy a Mortgage of less than $450,000 is a preferential and/or fraudulent transfer.  Most of the badges of fraud which infer fraudulent intent are also present with respect to the Transfer.

58.      The balance of the equities favors granting a permanent injunction to the Debtor prohibiting the Defendant from among other things, using, leasing, transferring, selling, mortgaging or disposing of the Property in a manner that prejudices the Debtor's estate.  The Deed in Lieu is the equivalent of a mortgage and must be treated as such.  It is inequitable and contrary to well-established New York law to allow Edge to obtain fee ownership of the Property

based solely on three (3) missed mortgage payments and without proceeding with a judicial foreclosure. New York Law does not permit such waiver of the right to equitably redeem the Property. Upon information and belief, by virtue of the Lease purportedly signed prior to the recordation of the Deed in Lieu, the Defendants have been using the Property and presumably are receiving rent from the tenant under the Lease. The Lease is void since the Defendants are not the lawful owners of the Property with any authority to enter into the Lease. In the meantime, the tenant's use of the Debtor's Property requires that any rent paid under the Lease belongs to the Debtor's estate.

59.    Based on the foregoing, and pursuant to Section 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065, the Plaintiff respectfully requests the Court issue an Order that permanently enjoins the Defendants, as well as any of their employees, attorneys, agents and representatives from any further use, sale, lease, mortgage, transfer, or other disposition of the Property to prevent further diminution of the estate and to preserve it for the benefit of the Debtor's estate and all of its stakeholders.

WHEREFORE, Plaintiff demands judgment against the Defendants for their claims of relief as set forth herein, plus costs and fees as may be appropriate, and such other and further relief as the court deems just and proper.

Dated: New York, New York
      November 13, 2013

                                     **TARTER KRINSKY & DROGIN LLP**
*Proposed Counsel to the Debtor/Plaintiff*

/s/ Scott S. Markowitz
Scott S. Markowitz, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000