UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────X

In re:                                                            Chapter 11

364 N.B.E. CORP.,                                     Case No. 13-46771 (NHL)
        Debtor.

─────────────────────────────────────X

364 N.B.E. CORP.,                                     Adv. Pro No. 13-01517 (NHL)
        Plaintiff,
v.

EDGE CAPITAL, LLC and
JA FUNDING, INC.,
        Defendants.

─────────────────────────────────────X

**DECISION ON SUMMARY JUDGMENT**

APPEARANCES:

| | |
|---|---|
| Tarter Krinsky & Drogin LLP | Rosen & Associates PC |
| Scott S. Markowitz, Esq. | Sanford Rosen, Esq. |
| 1350 Broadway, 11th Floor | 747 Third Avenue |
| New York, New York 10018 | New York, New York 10017 |
| *Attorneys for Plaintiff* | *Attorneys for the Defendants* |

**NANCY HERSHEY LORD**
**UNITED STATES BANKRUPTCY JUDGE**

364 N.B.E Corp. (the "Debtor") initiated the instant adversary proceeding against defendants Edge Capital, LLC ("Edge") and JA Funding, Inc. ("J.A." and, together with Edge, the "Defendants") for a determination that a certain deed-in-lieu is the equivalent of a mortgage under New York Law, or alternatively, that the recordation of the deed-in-lieu by the Defendants constituted a constructive fraudulent conveyance, voidable under the Bankruptcy Code. Previously, this Court granted the Debtor's motion for a preliminary injunction, finding that its claims carried a likelihood of success on the merits. *See* Order Granting Preliminary Injunction, dated June 20, 2014, ECF No. 22-1. Subsequently, the Debtor moved for summary judgment. For the reasons set forth herein, the Court holds that the deed-in-lieu was not an instrument of conveyance, and accordingly, grants the Debtor summary judgment under section 320 of the New York Real Property Law.

## I.    Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.    Facts

The Debtor acquired a commercial condominium building located at 364 Myrtle Avenue, Brooklyn, New York (the "Property"). Between 2004 and 2006, to finance the development of the Property, Edge loaned the Debtor approximately $1,450,000 collateralized by mortgages on the Property. On April 18, 2006, the Debtor and Edge executed a Mortgage Consolidation,

Modification and Extension Agreement (the "Consolidation Agreement"), which consolidated those loans into a single instrument.

After the Debtor defaulted on the Consolidation Agreement, the parties entered into a Loan Documents Modification Agreement, dated June 1, 2008. The Debtor defaulted on that agreement, too.

The Debtor and Edge then entered into a forbearance agreement, on March 24, 2009, whereby the Debtor acknowledged its default and that it owed Edge $1,704,958. Edge agreed that it would refrain from foreclosing on the Property, provided that the Debtor abided by the terms of the new agreement. However, the Debtor defaulted, and on April 20, 2010, Edge commenced a foreclosure action.

On June 3, 2010, the Debtor and J.A., as assignee of Edge, entered into a stipulation agreement (the "Stipulation") whereby the Debtor again acknowledged its default and an indebtedness of $1,804,000. Pursuant to the Stipulation, the Debtor executed and delivered to an escrowee, Michael C. Manniello, a Deed in Lieu of Foreclosure ("DIL") to the Property. Manniello was to hold the DIL subject to the following terms:

> 3. . . . (a) Escrowee shall hold the DIL as security for 364 [N.B.E. Corp.] and Nadav [Ben-Eliezer, the Debtor's principal,] performing under the Modified and Extended Mortgage . . . .
> (b) Upon J.A. providing Escrowee written notice that a default exists under the Modified and Extended Mortgage, Escrowee shall provide notice of said default to 364 and Nadev. Upon said default continuing for ten (10) business days after said notice thereof Escrowee shall release the DIL documents to J.A. J.A. shall have the right to immediately record the DIL, complete the foreclosure action or proceed with any combination thereof.
> . . .
> 6. . . . J.A. shall not take any steps to conduct a foreclosure sale provided no event of default exists hereunder or under the Modified and Extended Mortgage.
> (a) upon a default of 364 or Nadav's obligations under the Modified and Extended Mortgage and after appropriate notice and failure to cure

> same, J.A. may proceed with a foreclosure sale, exercise its rights to the DIL, or any combination thereof and immediately take possession of the commercial condominium unit.
> (b) 364 shall have all rights according to law to redeem the mortgaged premises and satisfy the judgment up to the holding of the foreclosure sale and will be given credit for any payments to J.A. made hereunder.

Stipulation 4–5, ECF No. 12-3.

After the Debtor defaulted on the Stipulation, the Debtor and J.A. entered into a Note and Mortgage Modification and Extension Agreement, dated April 21, 2011 ("Extension Agreement").  Under the terms of the Extension Agreement, the Debtor and J.A. agreed that, after crediting payments made under the Stipulation, the Debtor owed a principal amount of $450,000.  The parties further agreed to a schedule of monthly payments until May 1, 2021, at which time the Debtor would pay in full all accumulated interest and outstanding principal. Extension Agreement 2, ECF No. 2-2.  Notably, the Extension Agreement provided that

> Each of the Note and Mortgage [sic] is in full force and effect and has not been modified except by that certain: agreement between the parties dated April 18, 2006; Loan Documents Modification Agreement dated June 1, 2008; certain Stipulation between the parties dated on or about June 2010; and Extension Agreement dated March 30, 2011.

Extension Agreement 1–2 ¶ 2(b), ECF No. 2-2.

The Debtor defaulted on its July 2013 payment, and received a letter on July 23, 2013, stating the payment was overdue.  Another letter, also dated July 23, 2013, was sent from Edge to the escrowee, advising that Debtor had defaulted; escrowee in turn notified the Debtor's former counsel, Berger & Sklaw LLP.  The Debtor also missed payments for August and September, 2013.

In early October 2013, the Debtor tendered to the Defendants in full all missed monthly payments for July through September.  But, the Defendants' counsel returned these payments,

explaining that the Defendants had recorded the DIL as of October 17, 2013, and therefore taken title to the Property.[2]

On November 11, 2013, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code and, shortly thereafter, filed the complaint in the instant adversary proceeding.

### III.    Legal Standard

Under Federal Rule of Civil Procedure 56, applicable through Federal Rule of Bankruptcy Procedure 7056, [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Kulak v. City of New York*, 88 F.3d 63, 70–71 (2d Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251–52 (1986)). In ruling on a motion for summary judgment, the court looks to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Celotex*, 477 U.S. at 322. The court reviews the evidence in a light most favorable to the non-moving party, with all inferences drawn in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

While the initial burden is on the movant to demonstrate the absence of a genuine dispute of material fact with particular cites to the record, *Celotex*, 477 U.S. at 323; *Marvel*, 310 F.3d at 286, the non-moving party cannot defeat summary judgment by merely casting doubt on some

---

[2] The parties disagree about the Property's value. The Debtor asserts an amount between $1 and $1.3 million, while Defendants claim a value of $800,000. Defendants' Statement of Disputed Material Facts Pursuant to Local Bankruptcy Rule 7056-1 ¶¶ 5–6, ECF No. 41. However, the precise valuation of the Property is not an issue of material fact for the purpose of deciding the instant motion for summary judgment.

facts of the case. *Kulak*, 88 F.3d at 71. The opposing party must point to facts whose determination would affect the outcome, and show sufficient evidence with respect to those facts such that a reasonable trier of fact could find in favor of the non-moving party. *Anderson*, 477 U.S. at 247–48; *Matsushita*, 475 U.S. at 586–87.

### IV.    Discussion

The Debtor's first claim is that, as a matter of New York law, the DIL executed pursuant to the Stipulation was not an absolute conveyance, but a mortgage. Thus, the Debtor argues, the DIL did not give the Defendants the right to assert a claim of fee simple ownership over the Property. The Defendants counter that the parties intended the DIL to be a conveyance, and therefore, a genuine dispute exists with respect to intent.

Under section 320 of the New York Real Property Law,

> [a] deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage; and the person for whose benefit such deed is made, derives no advantage from the recording thereof . . . .

N.Y. Real Prop. Law § 320 (McKinney 2013).

On its face, section 320 mandates that "[a] deed conveying real property will be considered to be a mortgage when the instrument is executed as security for a debt." *Basile v. Erhal Holding Corp.*, 148 A.D.2d 484, 485–86 (N.Y. App. Div. 2d Dep't 1989). "Significantly, the statute does not require a conclusive showing that the transfer was intended as security; it is sufficient that the conveyance 'appears to be' intended only as a security in the nature of a mortgage." *Leonia Bank v. Kouri*, 3 A.D.3d 213, 217 (N.Y. App. Div. 1st Dep't 2004); *see also Vitvitsky v. Heim*, 52 A.D.3d 1103 (N.Y. App. Div. 3d Dep't 2008) (quoting *Kouri*, 3 A.D.3d at 217). Where such intent is apparent, the instrument, regardless of form, gives the parties only the rights of mortgagor and mortgagee. *See Mooney v. Byrne,* 163 N.Y. 86, 91 (1900); *Kouri*, 3

6

A.D.2d at 216–17; *Basile*, 148 A.D.3d at 485–86; *Patmos Fifth Real Estate Inc. v. Mazl Building LLC*, No. 108421/11, 2013 WL 3942115, at *6 (N.Y. Sup. July 9, 2013).

An instrument's purpose may be gleaned from a review of the document and any concurrently executed written agreements, as well as live testimony and the circumstances surrounding the parties' actions. *Bouffard v. Befese, LLC*, 111 A.D.3d 866, 868 (N.Y. App. Div. 2d Dep't 2013); *see Peugh v. Davis*, 96 U.S. 332, 336 (1877). While the admission of live testimony is permitted, it should not be allowed where it would needlessly contradict clear written evidence. *Corcillo v. Martut*, 58 A.D.2d 617, 618 (N.Y. App. Div. 2d Dep't 1977); *Kirby v. Tricker*, 265 A.D. 149, 150 (N.Y. App. Div. 2d Dep't 1942).

Here, it is apparent from the terms of the Stipulation that the DIL was used as security for a debt. The parties agreed, in unequivocal terms, that the DIL was to be held by the escrowee "as security for 364 and Nadav performing under the Modified and Extended Mortgage." Stipulation 4 ¶ 3(a), ECF No. 12-3. Moreover, the Stipulation provides for the Debtor's right to redeem the Property. Stipulation 5 ¶ 6(b), ECF No. 12-3. As further discussed below, redemption is a right that flows from every mortgage. *See Mackenna v. Fidelity Trust Co. of Buffalo*, 184 N.Y. 411, 416 (1906); *Mooney*, 163 N.Y. at 91. Together, these provisions demonstrate that the DIL was to be held as security in escrow until either the debt was satisfied or the Debtor defaulted. Because the express terms outline a security interest agreement in both name and substance, the Court determines, based on the Stipulation alone, that the DIL was functionally a mortgage. Thus, the Court does not reach the parties' intent.

The provision in the Stipulation that Defendants may "immediately record the DIL, complete the foreclosure action or proceed with any combination thereof" does not give rise to a genuine dispute of material fact. In situations where a written agreement containing similar

language is executed along with a purported deed in lieu, courts will still construe the instrument as a mortgage, not a deed in lieu. *See, e.g.*, *Vitvitsky*, 52 A.D.3d at 1105 (N.Y. App. Div. 3d Dep't 2008) (finding deed held in escrow to be a mortgage despite written agreement that it could be filed upon default); *Gioia v. Gioia*, 234 A.D.2d 588 (N.Y. App. Div. 2d Dep't 1996) (same); *Basile*, 148 A.D.2d at 484–86 (same, with operative agreement made in open court).

Inasmuch as the DIL has the legal effect of a mortgage, the Debtor necessarily has a right of redemption in the Property until the Defendants foreclose. *Basile*, 148 A.D.2d at 485–86 ("It is . . . an established doctrine that an equity of redemption is inseparably connected with a mortgage; that is to say, so long as the instrument is one of security, the borrower has in a court of equity a right to redeem the property upon payment of the loan.") (citing *Peugh*, 96 U.S. at 336–37). The right of redemption exists in every mortgage, even if not expressly provided for in the instrument. *MacKenna*, 184 N.Y. at 411; *Mooney*, 163 N.Y. at 92; *Basile*, 148 A.D.2d at 485–86; *Sakow v. Bossi*, 214 N.Y.S.2d 120 (Sup. Ct. Bronx Cty. 1961). Moreover, parties cannot waive their right of redemption, even if stipulated between the parties or pronounced in open court. *Maher v. Alma Realty Co. Inc.*, 70 A.D.2d 931 (N.Y. App. Div. 2d Dep't 1979). Here, the Stipulation explicitly provided for the right of redemption. Regardless of this fact, or whether the Stipulation was incorporated by later agreements, the right of redemption is afforded as a matter of law to the Debtor as mortgagor.

The Defendants point to *Meyerson v. Werner*, 683 F.2d 723 (2d Cir. 1982), in support of their contention that the right of redemption is waivable. In that case, the parties agreed to a settlement in open court, the terms of which were then incorporated into a court order. *Meyerson*, 683 F.2d at 726. When the defendant defaulted, he asserted that the deed in escrow executed pursuant to that order was merely a mortgage under section 320. *Id.* at 727. The Second Circuit

8

held that, in this "unusual situation," the parties' intentions that the deed be treated as a conveyance were a matter of a court order. *Id.* at 728. In light of the order memorializing the agreement, equity did not require that the deed be considered a mortgage. *Id.* Additionally, estoppel precluded the defendant in *Meyerson* from challenging the deed's effect. *Id.*

*Meyerson* is not only factually distinguishable from the case at bar, but also, more significantly, it does not stand for the proposition that a mortgagor's right to redemption may be waived. Indeed, the court expressly held that, "[i]t was the clear intention of the parties, approved and ordered by the district court, that the transaction was not to be treated as a mortgage governed by . . . New York law." *Myerson*, 683 F.2d at 727. As the deed was a conveyance per the court's order, the right of redemption was simply inapplicable. While the opinion suggests that the prohibition on waiver would apply absent the order, the order did not render the right waivable. Rather, absent the order, the deed would have been given the effect of a mortgage under section 320, which entails the right of redemption. *See id.* at 728. Thus, to the extent that the DIL is to be treated as a mortgage, the right of redemption applies.

## V.    Conclusion

For all of the foregoing reasons, the Debtor's motion for summary judgment on the claim under section 320 of the Real Property Law is granted. Accordingly, the DIL did not effect a transfer, and thus, this Court need not consider the Debtor's second claim of constructive fraudulent conveyance. A separate Order and Judgment will issue.



Dated: December 29, 2015
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge